IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **Columbia Gas Transmission, LLC** <br> **d/b/a Columbia Pipeline Group** <br><br> **Plaintiff,** <br><br> v. <br><br> **Janet Malin Haas, et al.** <br><br> **Defendants.** | Case No.: 8:17-cv-01147-TDC |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Plaintiff, Columbia Gas Transmission, LLC ("Columbia"), by counsel, for its Opposition to Defendants' Motion for Leave to File Counterclaim states as follows:

**INTRODUCTION**

Defendants seek to file a counterclaim in this matter that is futile and without merit. The issue before the Court is Columbia's contention that the Defendants breached the Right-of-Way agreement at issue in this case by planting a tree on top of part of a 26-inch high-pressure natural gas transmission pipeline that has been in place since 1955 – 30 years before the Defendants planted their tree on top of the pipeline without any notice to the gas company. Columbia seeks a declaration from this Court that the tree violates its rights under the Right-of-Way Agreement and seeks an injunction for the removal of the tree. If the Court agrees with Columbia's position, then the Defendants are not entitled to any damages because the Court will have determined that the Defendants in fact violated and breached their obligations under the Right-of-Way Agreement. Conversely, if the Court finds that the planting of a tree on top of the pipeline does

not violate Columbia's rights under the Right-of-Way Agreement, then the tree will remain and, of course, the Defendants will not be damaged. Accordingly, no matter how this Court resolves Columbia's request for a declaratory judgment and injunctive relief, the Defendants are not entitled to any damages under any legal theory and their Motion for Leave to File Counterclaim should be denied.

## BACKGROUND

Columbia filed its Complaint in this matter on April 25, 2017 to seek enforcement and declaration of its rights under a Right-of-Way Agreement granted in favor of Columbia's predecessor, Atlantic Seaboard Corporation, that encumbers the property owned by Defendants. *See* Right-of-Way Agreement attached as Exhibit 3 to Complaint. The Right-of-Way Agreement, dated February 21, 1955, granted an easement over Defendants' property with "the right to lay, maintain, operate and remove a pipeline for the transportation of gas and appurtenances necessary to operate said pipeline." The Right-of-Way Agreement goes on to state that the line will be laid below cultivation, "so the Grantors may fully use and enjoy the premises, **subject to the rights of the Grantee to maintain and operate said lines**." (emphasis added). In their Motion for Leave to File Counterclaim, the Defendants regularly fail to quote the last phrase of this provision of the Right-of-Way Agreement which makes clear that whatever rights the Defendants have to use their premises, they are subject to the rights of Columbia to "maintain and operate said lines."

In 1976, more than 30 years after the pipeline had been installed, the Defendants, without any notification to the gas company, planted a red maple tree that sits partially on top of the 26-inch high-pressure natural gas transmission pipeline on the Defendants' property. The Defendants admit that they were fully aware of the existence of the easement and the pipeline

when they purchased their property and when they planted the red maple tree at issue.

Columbia alleges in its Complaint that "the tree must be removed from the easement on the property because it interferes with the rights granted by the ROW Agreement and that the presence of the tree in the easement is a breach of the ROW Agreement." Paragraph 27 of Complaint. Thus, the issue framed for the Court in Columbia's Complaint is whether the presence of the tree on top of part of the pipeline on the Defendants' property violates Columbia's rights under the Right-of-Way Agreement. If the Court agrees with Columbia's position, then it will declare that the tree violates the Right-of-Way Agreement and will direct the removal of the tree. It is not Columbia's position that it is seeking a declaration that it can engage in maintenance activity to include removal of the tree. Rather, Columbia is asserting that the tree is a violation of the Right-of-Way Agreement. But for the improper planting of the tree on top of part of the pipeline, there would be no need for Columbia to take any action in this matter.

## STANDARD OF REVIEW

This Court may deny Plaintiff's Motion for Leave to File Counterclaim if the filing of the Counterclaim would be "futile." The Counterclaim is deemed futile if it fails to satisfy the requirements of the Federal Rules "because it fails to state a claim under Rule 12(b)(6)." *United States v. Kellogg Brown and Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). *See also Battle v. Burwell*, 2017 BL 112478 (D. Md. 2017). Thus, the issue to be resolved with respect to Defendant's Motion for Leave to File Counterclaim is whether the counterclaim states a viable cause of action. If it does not, then the Motion should be denied. As discussed below, Defendant's proposed counterclaim fails to state a cognizable cause of action.

## ARGUMENT

The issue in this case framed by the Complaint is whether the Defendants violated and breached their obligations under the Right-of-Way Agreement by planting the red maple tree at issue in this case. The Court's resolution of this issue, either way, does not give rise to any claim for damages by the Defendants, and, therefore, their Motion for Leave to File Counterclaim must be denied.

When an easement is created by the recordation of a Right-of-Way Agreement, as is the case here, "there exists a characteristic feature of two distinct tenements – one dominant and the other servient." *Bd. of County Commissioners of Garrett County v. Bell Atlantic – MD, Inc.*, 346 Md. 160, 175 (1997). In this instance, the defendant's property is the "servient" estate because it is subject to the rights granted under the Right-of-Way Agreement. It is well-settled in Maryland that an easement restricts the servient estate owner's use of their property. *Reid v. Washington Gas Light Co.*, 232 Md. 545, 548-49 (1963). Additionally, "it is axiomatic that the owner of a servient tenement cannot close or obstruct the easement against those who are entitled to use it in such manner as to prevent or interfere with their reasonable enjoyment." *Maddran v. Mullendore*, 206 Md. 291, 297 (1955).

Thus, the issue presented to this Court under Maryland law is whether the tree interferes with the "reasonable enjoyment" of the rights granted to Columbia under the Right-of-Way Agreement to safely maintain and operate its pipeline. It is Columbia's position that because the tree interferes with its inspection of the pipeline, interferes with access to the pipeline, particularly in the event of an emergency, that the roots of the tree can damage the coating of the pipeline and that the tree interferes with the cathartic protection of the pipeline, that the tree plainly interferes with Columbia's reasonable enjoyment of the rights granted under the Right-

of-Way Agreement. If the Court agrees with Columbia's positions, then it will conclude that the Defendants have in fact violated their obligations under the Right-of-Way Agreement. Under those circumstances, the Defendants would not be entitled to any damages. There is simply no legal basis under which the Court could reward the Defendants for breaching their obligations by awarding them damages as a result of their own breach.

Defendants' reliance upon the phrase in the Right-of-Way Agreement that "Grantee further agrees to pay for any damages that may arise from the maintenance, operation and removal of said lines," for its counterclaim is misplaced. This provision does not give the Defendants the right to violate the Right-of-Way Agreement and ask for damages as a result of their own breach. Rather, it is plainly intended to provide damages in the event that Columbia engages in maintenance activities that result in some damage to the property. The only reason that Columbia is now required to remove the red maple tree is because of the Defendants' breach of the Right-of-Way Agreement. Under Defendants' theory, they could build a house on top of the pipeline in plain violation of the Right-of-Way Agreement and then turn to Columbia under the provision on which they rely and ask for the cost to rebuild their home. This is absurd. The Right-of-Way Agreement cannot be construed as the Defendants suggest to give them the right to breach the Right-of-Way Agreement and obtain damages from Columbia.

Further, Defendants' reliance upon the "below cultivation" language of the Right-of-Way Agreement fails to take into account the rest of that phrase which expressly limits the exercise of the Defendant's enjoyment of their property to Columbia's rights under the Right-of-Way Agreement. This is also consistent with Maryland law which plainly states that the owner of the servient estate cannot interfere with the reasonable enjoyment of the easement rights by the dominant estate, in this case, Columbia.

At the end of the day, this case turns on the Court's determination of whether the planting of a tree on top of part of Columbia's 26 inch high-pressure natural gas transmission pipeline interferes with the reasonable enjoyment of the rights granted under the Right-of-Way Agreement to safely maintain and operate the pipeline. If the Court concludes that the tree in fact interferes with Columbia's reasonable enjoyment of its rights, then it will so declare and will direct the removal of the tree. Under those circumstances, there is absolutely no basis for a damage claim by the Defendants. Conversely, if the Court finds that the tree does not interfere with Columbia's rights, then the tree will not be removed and, of course, there will be no damage to the Defendants. Accordingly, no matter how the Court resolves the issue in this case, the Defendants are not entitled to any damages and, therefore, should not be granted leave to file a counterclaim.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Leave to File Counterclaim.

> COLUMBIA GAS TRANSMISSION, LLC
> D/B/A COLUMBIA PIPELINE GROUP
> By Counsel

_____/s/_____
Brent R. Gary
Maryland Federal Bar No. 18998
Michael S. Dingman, Esq.
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
bgary@reedsmith.com
mdingman@reedsmith.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2017, a true and correct copy of the foregoing was filed with the Court's CM/ECF Filing System and electronic notice sent to the following:

> Bradshaw Rost, Esq.
> Tenenbaum & Saas, P.C.
> 4504 Walsh Street
> Suite 200
> Chevy Chase, Maryland 20815
> (301) 961-5300 (Telephone)
> (301) 961-5305 (Facisimile)
> brost@tspclaw.com
> *Counsel for Defendants*

_____/s/_____
Brent R. Gary