IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |  |
|---|---|---|
| **COLUMBIA GAS TRANSMISSION, LLC** <br> **d/b/a COLUMBIA PIPELINE GROUP** | : <br> : <br> : | |
| **Plaintiff,** | : <br> : | |
| | : | Case No.: 8:17-cv-01147-TDC |
| **JANET MALIN HAAS,** *et ux.* | : <br> : | |
| **Defendants.** | : <br> : <br> : | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF INTRODUCING THE "REBUTTAL" EXPERT REPORT OF DONALD E. ZIMAR IN PLAINTIFF'S CASE IN CHIEF

Defendants, Janet Malin Haas and Melvin Leroy Haas, ("Defendants"), by and through their counsel, hereby submit their Memorandum of Law in Support of their Objection to Plaintiff Introducing the "Rebuttal" Expert Report of Donald E. Zimar in Plaintiff's Case in Case.

Plaintiff's Rebuttal Expert Report by Donald E. Zimar, dated October 16, 2017 ("Zimar Report"), to the extent it offers testimony regarding the depth of the tree roots, is an improper attempt to cure Plaintiff's Expert Report by Andrew Kvasnicka, dated August 15, 2017 ("Kvasnicka Report") and should only be allowed into evidence in response to Defendants' expert testimony. As the Court is aware, the Kvasnicka Report is predicated upon the unverified and speculative "assumption" that the tree roots are entangled with the pipeline. The Kvasnicka Report offers no facts or data in support of that assumption. Nor is Mr. Kvasnicka an arborist competent to testify regarding trees and their root structures. The Kvasnicka Report was submitted on August 15, 2017 in accordance with the Court's Revised Scheduling Order

issued June 15, 2017 (Dkt #12) and Defendants in turn submitted its expert report on September 15, 2017. The Court's Order provided that "Plaintiff's rebuttal Rule 26(a)(2) expert disclosures" were to be filed by October 16, 2017. The Zimar Report was submitted as a rebuttal report challenging Defendants' expert report that the roots of the Red Maple tree are shallow and non-invasive and do not extend far enough to reach the pipeline. This opinion is classic rebuttal testimony, but may not be used to buttress, supplement or cure the deficiencies of the Kvasnicka Report which is the only expert testimony Columbia identified for purposes of satisfying its burden during its case in chief of demonstrating by a preponderance of the evidence that the tree roots substantially interfere with Plaintiff's ability to maintain, operate and replace the pipeline.

In <u>Madison Capital Co., LLC v. S & S Salvage, LLC</u>, No. 4:08-CV-00134-JHM, 2011 WL 195639, at *4 (W.D. Ky. Jan. 19, 2011), the plaintiff had designated a witness to offer expert testimony as to the value of the property in dispute. After the deposition of the witness, which disclosed weakness in the expert's opinion, the plaintiff submittal "rebuttal expert" reports which substantiated the initial expert's testimony on valuation. Although the "rebuttal expert report" contradicted defendant's expert testimony, the trial court excluded the "rebuttal expert" because it constituted an improper attempt to correct the weaknesses of the original expert report, holding as follows:

> ***Madison's rebuttal experts Coleman and Daugherty are a means of bolstering Madison's primary expert Bentley and its case-in-chief***. ***This is an impermissible use of rebuttal experts.*** Coleman and Daugherty were employed to verify the reasonableness of Bentley's report shortly after Bentley was deposed and demonstrated shaky testimony on the value of the Shields. Furthermore, they were told that the report needed to be conducted very quickly, apparently to allow Madison to disclose them as rebuttal experts within the deadline set by the scheduling order. Coleman and Daugherty's

>designation as rebuttal experts appears to have occurred because the deadline for disclosing experts for Madison's case-in-chief had already passed. Madison had ample time to identify any weakness in its expert Bentley and to retain Coleman and Daugherty as experts. However, Madison chose not to do so. ***The Court will not allow them to now introduce expert testimony belonging in its case-in-chief masquerading as rebuttal expert testimony***. [Emphasis Added].

Madison Capital Co., LLC v. S & S Salvage, LLC, No. 4:08-CV-00134-JHM, 2011 WL 195639, at *4 (W.D. Ky. Jan. 19, 2011). Such is the instant case. The designation of the Zimar Report came after the deposition of Mr. Kvasnicka. Mr. Zimar's opinion as to the likely depth of the tree roots was a means to bolster the testimony of Columbia's primary expert Mr. Kvasnicka that it is reasonable to assume that the tree roots are entangled with the pipeline. The Court should not allow Columbia to introduce expert testimony belonging in its case-in-chief masquerading as rebuttal expert testimony.

Similarly, in Baker v. Chevron USA, Inc., 680 F. Supp. 2d 865, 879 (S.D. Ohio 2010), *aff'd sub nom*. Baker v. Chevron U.S.A. Inc., 533 F. App'x 509 (6th Cir. 2013), the trial court excluded rebuttal expert testimony as an improper attempt to cure deficiencies in the plaintiff's initial expert report holding as follows:

>At this particular point in the case, this affidavit is arguably the only report from Dr. Dahlgren which complies with the requirements of Rule 26(a)(2) and yet Plaintiffs provided no justification for providing this report five months late. There is nothing in this affidavit that could not have been presented to Chevron by the established date to serve expert reports. As Chevron accurately argues in its reply brief (Doc. No. 237, at 3–6), Dr. Dahlgren's affidavit is not a true rebuttal report. Rather, it constitutes an improper attempt to correct the weaknesses and improprieties of his original reports that were previously identified by Chevron in its principal Daubert motion. Brainard v. American Skandia Life Assur. Corp., 432 F.3d 655, 664 (6th Cir. 2005); Pride v. BIC Corp., 218 F.3d 566, 579 (6th Cir. 2000) (affirming district court's denial of series of motions to modify expert witness scheduling order and provide rebuttal reports as a "transparent attempt to reopen the Daubert hearing now that the weaknesses in [Pride's] expert testimony have been

3

> pointed out.") (brackets in original); Campos v. MTD Products, Inc., No. 2:07–CV–00029, 2009 WL 2252257, at *8 (M.D. Tenn. July 24, 2009) ("[A] party may not use the guise of "supplementation" to "ignore court deadlines, reopen discovery, find new facts, and generate new expert reports.") (some internal quotation marks omitted).

Id at 879. In the instant case, Columbia could have easily submitted the Zimar Report in conjunction with the Kvasnicka Report for purposes of bolstering Mr. Kvasnicka opinion that one must assume the tree roots are entangled with the pipe line. Columbia failed to do so and should not be allowed to cure the deficiencies in the Kvasnicka Report under the disguise of being a rebuttal report – especially when it is relied upon for the first time in response to a Daubert motion to exclude the Kvasnicka Report.[1]

In Branche v. Zimmer, Inc., No. 3:06-CV-234, 2009 WL 8750012, at *8 (E.D. Tenn. Mar. 9, 2009), the trial court ruled that the "rebuttal" report could only be introduced into evidence in plaintiff's rebuttal case – not in its case in chief, explaining that:

> The defendant also argues that the Rebuttal Report is not properly rebuttal, but is instead an attempt to introduce additional expert evidence in support of the plaintiffs' case in chief outside the expert disclosure deadline. In defining the proper scope of rebuttal testimony, courts have held that rebuttal evidence "identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise." Sci. Components Corp. v. Sirenza Microdevices, No. 03 CV 1851, 2008 U.S. Dist. LEXIS 92703, at *7 (E.D.N.Y. Nov. 13, 2008); see also Fed.R.Civ.P. 26(a)(2)(C)(ii) (defining a rebuttal report as one "intended solely to contradict or rebut evidence on the same subject matter identified by another party").

The Zimar Report is a true rebuttal expert report that attempts to contradict or rebut the opinions of the Defendants' expert on the likely depth of the tree roots. As such, its introduction into evidence should not be permitted in plaintiff's case in chief, nor should it be

---

[1] In should be noted that Plaintiff did not submit the Zimar Report in support of its Motion for Summary Judgment or its Reply in Support of its Motion for Summary Judgment.

4

relied upon for saving the Kvasnicka Report from the Daubert challenge that Defendants have raised. In Branche, the Court ruled that "the Rebuttal Report shall not be admissible until such time as the defendant opens the door to such testimony, through the testimony of its experts, and calls into question the ease with which the changes suggested by Mr. Weis could be implemented." Id

Thus, the Plaintiff should be precluded from introducing the Zimar Report in its case in chief and should only be permitted to rely upon the Zimar Report once Defendants open the door through the introduction of its own expert testimony as to depth of the tree roots.[2]

Respectfully Submitted,

/s/ *Bradshaw Rost*
Bradshaw Rost, Esq., Bar No. 06172
Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, Maryland 20815
(301) 961-5300 – Phone
(301) 961-5305 – Fax
brost@tspclaw.com
*Counsel for Defendants*

---

[2] At such time, if and when the Zimar Report is introduced, Defendants will object to that portion of the Zimar Report that relies upon hearsay information regarding soil conditions when the pipeline was installed in 1955. Zimar Report at pg. 2. Plaintiff objected to any discovery that went back farther than 10 years and Judge Day sustained that objection in the Court's Letter Order issued March 16, 2018 (Dkt #62). It would be fundamentally unfair to deny Defendants the right to evidence exclusively in the possession of Columbia that is more than 10 years old and yet allow Plaintiff to rely upon such evidence in support of its case. Moreover, Mr. Kvasnicka testified at Columbia's corporate deposition that he did not know what type of soil was at the property. "Q. And do you know what the soil is at the Haas's house? A. I do not." Tr. 88). Plaintiff must be bound by the testimony of its corporate representative.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of Defendants' Memorandum of Law in Support of their Objection to Plaintiff Introducing the "Rebuttal" Expert Report of Donald E. Zimar in Plaintiff's Case in Case on May 20, 2019 to the following:

Brent R. Gary, Esq.
Michael S. Dingman, Esq.
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
*Counsel for Plaintiff*

                                                                                                    /s/ *Bradshaw Rost*
                                                                                                    Bradshaw Rost