UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

COLUMBIA GAS TRANSMISSION, LLC,

    Plaintiff,

    v.

JANET MALIN HAAS and
MELVIN LEROY HAAS

    Defendants.

Civil Action No. TDC-17-1147

**ORDER**

    Pending before the Court is a Motion for Rule 11 Sanctions filed by Defendants Janet Malin Haas and Melvin Leroy Haas. In the Motion, Defendants seek sanctions under Federal Rule of Civil Procedure 11 on the grounds that (1) Plaintiff Columbia Gas Transmission, LLC ("Columbia") admitted that this lawsuit was improperly filed; and (2) Columbia's factual contentions lacked any evidentiary support. In the course of briefing the Motion, Defendants have requested leave to conduct discovery on the factual question of whether Columbia filed this case improperly.

    Upon review of the submitted materials, the Court will deny the request for discovery and will deny the Motion. On the broader question of whether Columbia's contentions lacked evidentiary support, Rule 11 requires an attorney, in filing a pleading or other written submission, to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). A court may impose sanctions for a violation

of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Here, this Court presided over the bench trial in this case and is thoroughly familiar with the record. Although the Court ruled in favor of Defendants, at no point did it view Columbia's legal arguments to be frivolous or lacking in evidentiary support. Rather, it found several of the factual issues to be close questions. Accordingly, the Court rejects the argument that Columbia's case was so lacking in evidentiary support as to violate Rule 11.

As for the more specific question of whether the lawsuit was improperly filed, Rule 11 requires an attorney to certify that a filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Defendants allege that Andrew Craig, the Senior Land Manager at Columbia, told Mr. Haas on August 30, 2019, after this Court's ruling in favor of Defendants but before any appeal had been filed, that "Columbia admits that what they had done to [the Defendants] was wrong" and offered to pay Defendants' legal fees, a commitment that Columbia later failed to fulfill. Mot. at 4, ECF No. 142. Defendants assert that Craig's original offer to pay Defendants' legal fees was later qualified on September 11, 2019 by a condition that Defendants agree to have their Japanese maple tree ("the Maple Tree") relocated at Columbia's expense and to move to have the Court's opinion withdrawn.

If Defendants' account is true, it would establish that Columbia had acted in a highly questionable manner by dangling the prospect of full payment of Defendants' attorney's fees only to engage in a bait-and-switch by then seeking to extract a settlement on terms favorable to Columbia. It would also exhibit the same kind of arrogance displayed by Columbia throughout the dispute and the litigation, during which Columbia repeatedly insisted that it had an absolute right to move the Maple Tree. Inexplicably, Columbia apparently believed that even though Mr. Haas had made crystal clear that he would not voluntarily allow the Maple Tree to be removed,

and this Court had just ruled in his favor, it could nevertheless pay him off to have it removed. However, even if true, this set of facts would not warrant the granting of Rule 11 sanctions against Columbia.

Even if Craig personally believed it was wrong for Columbia to file a lawsuit against Defendants, that belief would not render the filing of the case a violation of Rule 11. First, there is no evidence that Craig had any knowledge of the validity or invalidity of Columbia's legal arguments. Rule 11 governs the conduct of attorneys, and there is no evidence that Columbia's counsel-of-record in this case believed that Columbia was wrong to bring this case or that it was being advanced for an improper purpose. Where the Maple Tree is located in close proximity to a Columbia gas line, this is not a case in which Columbia had no plausible legal claim to advance such that it could succeed in litigation only through harassment or outspending Defendants. Rather, where it is undisputed that Columbia's ultimate goal was the removal of the Maple Tree, and the Court has already concluded that Columbia had a plausible legal claim and evidentiary support for its position, it does not find that the subjective views of an individual Columbia official provide a basis to conclude either that further discovery is necessary or that Columbia's attorney filed this case for an improper purpose under Rule 11(b)(1).

Accordingly, the Motion for Sanctions, including the request for discovery in support of the Motion, ECF No. 142, is DENIED.

Date: April 8, 2022

THEODORE D. CHUANG
United States District Judge

3